UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-216-FDW

| | |
|---|---|
| BARRY WADE ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FRANK DAILY, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed pursuant to 42 U.S.C. § 1983. See 28 U.S.C. § 1915(e). (Doc. No. 1). Also pending is Plaintiff's Motion to Appoint Counsel. (Doc. No. 10). Plaintiff is proceeding in forma pauperis. (Doc. No. 7).

## I. BACKGROUND

Pro se Plaintiff Barry Wade Allen is a pre-trial detainee currently incarcerated at the Cherokee County Detention Center in Murphy, North Carolina. Plaintiff filed this action on July 31, 2018, pursuant to 42 U.S.C. § 1983, naming the following individuals as Defendants, all alleged to be officers employed at the detention center at all relevant times: (1) Frank Daily, Sergeant; (2) Mark Patterson, Captain; and (3) Jeremy Bresh, Lieutenant. Plaintiff alleges that Defendants, who are all white officers, have repeatedly used racial slurs against Defendant, who is African-American, while he has been detained at the detention center. Plaintiff also alleges generally that the officers at the detention center, most of whom are white, frequently treat African-American detainees unfairly and display blatant racist attitudes towards them. As relief, Plaintiff states that he would like to have the Defendant officers terminated, and he also seeks a

1

refund for the value of certain unidentified personal items that were lost when he was transferred from the Macon County Detention Center to Cherokee County.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

The Court will dismiss this action. In its current form, the Complaint does not state a cognizable claim of a violation of any federal or constitutional right. Plaintiff (who is African-American) alleges that, at various times, Defendants (all white officers) used racial slurs against him, and they generally treat the black detainees at the jail poorly due to racism. These allegations, without more, simply do not rise to the level of a violation of a constitutional right under Section 1983. The Court strongly condemns any alleged racial slurs used by Defendants against Plaintiff, as well as poor treatment of any inmates based on race. Racial slurs such as the one allegedly used by Defendants are despicable, and jails should not hire or retain employees who use such deplorable language against inmates. However, "[m]ere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983." Henslee v. Lewis, 153 F. App'x 178, 180 (4th Cir. 2005) (citing Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)); see also Purcell v. Coughlin, 790 F.2d 263, 265 (2d Cir. 1986) (stating that verbal harassment and name-calling by prison officials do not constitute actionable constitutional

violations).

## IV. CONCLUSION

For the reasons stated herein, the Court dismisses this action. The action will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Complaint, (Doc. No. 1), is dismissed without prejudice.

2. Plaintiff's Motion to Appoint Counsel, (Doc. No. 10), is **DENIED**.

Signed: October 10, 2018

Frank D. Whitney
Chief United States District Judge